Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

Case 1:21-cv-00055-MSM-LDA    Document 1-1    Filed 01/28/21    Page 1 of 6 PageID #: 4

EXHIBIT

A

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | | |
|---|---|---|
| **TERICK AZEEZ** | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **C.A. No. PC** |
| | : | |
| **LIFESPAN CORPORATION** | : | |

<u>COMPLAINT</u>

<u>GENERAL ALLEGATIONS</u>

1.  At all times relevant hereto, Plaintiff  was employed at Defendant Lifespan Corporation's Clinical Research Center.

2.  At all times relevant hereto, Plaintiff directly reported to his Manager, Defendant Evelyn Hipolito.

3.  Plaintiff at all times performed his duties in a satisfactory if not exemplary fashion.

4.  Plaintiff is an Africa-American male.

5.  Plaintiff began work in the Clinical Research Center as a *per diem* Clinical Research Assistant in June, 2019.

6.  From the beginning of his employment, Defendant Hipolito singled out Plaintiff for demeaning and belittling treatment.

7.  This demeaning and belittling treatment included, but was not limited to referring to Plaintiff as "my child."

8.  Defendant Hipolito also criticized Plaintiff's hairstyle.

9.  Plaintiff's hairstyle conformed with all applicable Lifespan dress codes, but was clearly styled in a manner associated with African-Americans.

10. Defendant Hipolito also assigned Plaintiff "busy work" and "make work" tasks.

11. On or about June 10, 2020, there was a vigil in the courtyard at Rhode Island Hospital to address the issues involved in the George Floyd death and the Black Lives Matter movement. Lifespan's President and CEO Timothy Babineau had purportedly initiated that vigil.

12. Plaintiff spoke during that vigil about incidents of discrimination that his colleagues of color had experienced and shared with him while working at Lifespan.

1

Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

13. As a result, a number of his colleagues of color came to see him as an advocate.

14. Lifespan administration invited Plaintiff to serve on a new committee that was at least portrayed as an attempt to improve diversity and race relations at Lifespan.

15. Ms. Hippolitto attempted to interfere with Plaintiff's participating on the new committee, citing alleged "performance issues."

16. Plaintiff had not previously been made aware of any performance issues, barring one February 24, 2020 verbal warning regarding not completing time and effort reports.

17. On information and belief, virtually every employee in the Clinical Research Center who is required to complete time and effort reports routinely falls behind on those reports.

18. In fact, in June, 2020, Plaintiff was given the position of full-time Research Assistant, which entitled him to a higher level of benefits than before.

19. Plaintiff discussed the situation with David Goldman, Lifespan's Director of Diversity.

20. Goldman asked Plaintiff if thought he was some racism in play with this refusal to allow him to sit on the committee.

21. Goldman told the Plaintiff said that he could not be on the committee without approval.

22. Plaintiff and Goldman decided that Plaintiff would make a complaint about the refusal to allow him to sit on the Committee.

23. Timothy Shayer from Lifespan's HR Department contacted Plaintiff by telephone to discuss the refusal to allow Plaintiff to sit on the committee.

24. Shayer concluded that there was no racism because nothing racist had been said.

25.  Plaintiff eventually succeeded in getting on the committee.

26. The committee was scheduled to meet on August 18, 2020.

27. On August 17, 2020, the day before that meeting, Plaintiff was called to Human Resources, and terminated on the spot.

28. Lifespan officials Andrew Schumacher and Timothy Shayer expressly stated that Plaintiff was not being terminated for performance reasons.

29. Instead, Plaintiff was told that he was terminated because Lifespan had uncovered "something" in his background report that would disqualify Plaintiff from employment.

2

Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

Case 1:21-cv-00055-MSM-LDA    Document 1-1    Filed 01/28/21    Page 3 of 6 PageID #: 6

30. While Plaintiff had been in college in Michigan, Plaintiff had gotten a misdemeanor drug convictions, for which he received probation.

31. When Plaintiff had first been employed, Plaintiff went through a background check that would have uncovered any disqualifying information.

32. By letter dated September 25, 2020, Plaintiff's legal counsel complained of this retaliation to Mr. Babineau.

33. By letter dated October 20, 2020, Lifespan took the position that Plaintiff had had persistent performance issues – but again reiterated that that was not the reason that he had been fired.

34. Other than the February 24, 2020 verbal warning, Plaintiff had been given no other discipline or made aware of the issues referenced in Lifespan's October 20, 2020 letter.

35. According to Lifespan's October 20, 2020 letter, ADP had provided a background report to Lifespan in May, 2019, and that background check had revealed allegedly disqualifying information.

36. According to Lifespan's October 20, 2020 letter, Plaintiff's report was only reviewed again after Lifespan's Corporate Compliance hotline had received an anonymous call on August 12, 2020. Lifespan alleged that it then reviewed the background check and found evidence of "'high misdemeanors' related to possession of drugs."

37. On or about November 12, 2020, Plaintiff accompanied his legal counsel to Lifespan's Human Resources Department to examine his personnel file.

38. The file contained nothing about Plaintiff's background check or any disqualifying information.

39. When Plaintiff's legal counsel asked Lifespan for that documentation of the background check, Lifespan instead directed Plaintiff to ADP, which had allegedly done the background check.

40. Plaintiff has since obtained his background report from ADP, which references a criminal record in Michigan – but gives none of the particulars.

41. Said report does not even state whether it there was a felony or misdemeanor, or whether drugs were involved.

42. Plaintiff was never given the opportunity to explain or contest his record, nor was he given any evidence for the proposition that he was disqualified based on a uniformly-applied policy.

3

Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

43. On information and belief, the story of the anonymous call was a contrivance and pretext aimed at retaliating against Plaintiff for speaking out about racial discrimination.

## COUNT I – WHISTLEBLOWERS' PROTECTION ACT

44. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

45. Defendant Lifespan Corporation is an "employer" as that term is defined pursuant to R.I.G.L. § 28-50-2(2).

46. Plaintiff's actions in complaining of racial discrimination were done in good faith belief that a violation of law had occurred, and constituted protected activities pursuant to R.I.G.L. § 28-50-1 *et seq.*

47. Plaintiff suffered adverse employment actions, in that he was terminated.

48. The reasons stated for the adverse employment actions against Plaintiff were pretextual.

49. The adverse employment actions were motivated by animus towards Plaintiff for having complained of racism.

50. As a direct and proximate result of the wrongful actions of Defendant, Plaintiff suffered adverse employment actions, as well as other financial and reputational harm, as well as emotional distress, personal inconvenience, worry, loss of enjoyment of life, and other non-pecuniary losses.

51. Said actions of Defendant were wicked and wanton, and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT II – RHODE ISLAND CIVIL RIGHTS ACT, R.I. Gen. Laws § 42-112-1

52. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

53. Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment due to his race and national origin.

54. But for the Defendant's intent to discriminate against Plaintiff because of his race/national origin, Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

55. By their conduct described in the preceding paragraphs, Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

56. The conduct of Defendant was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of his employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to his reputation, humiliation, and physical and emotional injury.

57. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT III – FAIR CREDIT REPORTING ACT ("FRCA"), 15 U.S.C. § 1681 *ET SEQ.*

58. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

59. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

60. The ADP Report was a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

61. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, prescribed by the Federal Trade Commission, before taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

62. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

63. Lifespan Corporation is a "person" that regularly uses ADP's consumer reports.

64. The FCRA requires Lifespan, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

65. Lifespan Corporation willfully violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff the following before using the ADP report:  (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the Plaintiff's rights

Case Number: PC-2021-00118
Filed in Providence/Bristol County Superior Court
Submitted: 1/8/2021 10:36 AM
Envelope: 2906677
Reviewer: Victoria H

under the FCRA, and therefore denied Plaintiff a sufficient time to be able to review and dispute the report before Lifespan took adverse action on his employment.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

Plaintiff,
By his attorney,

/s/ Vicki J. Bejma
Stephen M. Robinson #2103
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

/s/ Stephen M. Robinson
Stephen M. Robinson

6